UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN GONZALEZ,

                            Plaintiff,

   -v-                                              1:09-CV-1434

CITY OF SCHENECTADY; JOHN MALONEY,
individually and in his capacity as an employee
of the City of Schenectady, New York, Police
Department; SEAN DALEY, individually and
in his capacity as an employee of the City of
Schenectady, New York, Police Department;
ERIC PETERS, individually and in his capacity
as an employee of the City of Schenectady,
New York, Police Department; and COUNTY
OF SCHENECTADY;

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                          OF COUNSEL:

LeBOW & ASSOCIATES, PLLC                              JAMES B. LeBOW, ESQ.
Attorneys for Plaintiff                               DANIEL E. RUBENSTEIN, ESQ.
570 Lexington Avenue
New York, NY 10022

CORPORATION COUNSEL, City of Schenectady              L. JOHN VAN NORDEN, ESQ.
Attorney for Defendant City of Schenectady            EVELYN KINNAH, ESQ.
City Hall, 107 Jay Street, Suite 201
Schenectady, NY 12305

CARTER, CONBOY, CASE, BLACKMORE,                      LUKE C. DAVIGNON, ESQ.
    MALONEY & LAIRD, P.C.                            BENJAMIN LEE, ESQ.
Attorneys for Defendants Maloney, Daley & Peters      MICHEL J. MURPHY, ESQ.
20 Corporate Woods Boulevard
Albany, NY 12211

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

**I. INTRODUCTION**

Defendants Detective John Maloney ("Det. Maloney"), Officer Sean Daley ("Officer Daley"), and Detective Eric Peters ("Det. Peters") (collectively "individual defendants") moved for summary judgment.  Subsequently, defendant City of Schenectady ("City") moved to dismiss for failure to state a claim.  In response, plaintiff Jonathan Gonzalez ("plaintiff" or "Gonzalez") withdrew his state law claims of negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress, as well as all official capacity claims against the individual defendants.  Otherwise, plaintiff opposed the motions.  Oral argument was heard on November 9, 2011, in Utica, New York.  Decision was reserved.

**II. FACTS**

The incident that gave rise to this civil rights lawsuit occurred tangentially to a buy-bust operation being conducted on May 16, 2006, by City police officers.  The buy-bust operation had been set up in restaurant parking lot in the City.  This particular restaurant parking lot was known for frequent illegal drug sales. The police officers were using a Confidential Informant ("CI") equipped with a wire to transmit conversations, with the goal of apprehending drug dealers[1] who might approach the CI.  The CI, a known drug user, and her boyfriend were hanging out in the parking lot.  Gonzalez, who was acquainted with the boyfriend, approached him and the CI.  He asked them:  "What do you need?  I can get you whatever you need."   They replied that they were all set, and plaintiff walked away.

---

[1] Plaintiff was not a target of the buy-bust operation.

Detective Cowell, a member of the vice squad but not named as a defendant, was monitoring the CI's wire and therefore heard the exchange with the plaintiff. Det. Maloney and Det. Daley, also members of the vice squad, observed the interaction between Gonzalez, the CI, and her boyfriend. Upon hearing the CI's conversation with plaintiff, Detective Cowell radioed the other members of the vice squad that Gonzalez had attempted to sell drugs to the CI. Officer Peters and Officer Dashnow were instructed to and they did arrest plaintiff, for attempted criminal sale of a controlled substance. The officers patted him down but did not recover any contraband or weapon. They then handcuffed him and took him to police headquarters.

At police headquarters, Det. Maloney and Officer Peters conducted a strip search, including a visual cavity search of Gonzalez. The search was conducted pursuant to the Police Department Policy, effective since 1999, which provided that an arrestee charged with a felony or offense involving weapons or contraband may be strip/body cavity searched if there was reasonable suspicion that the arrestee may be secreting contraband.

During the search a plastic bag was seen protruding from plaintiff's buttocks. According to defendants, Gonzalez himself removed the bag from his buttocks. According to plaintiff, one of the officers removed the bag from his buttocks. In any event, when the bag was removed, Gonzalez stated "you got me on possession." The bag contained crack cocaine. Plaintiff was charged in state court with criminal possession of a controlled substance.

Gonzalez moved to suppress the evidence as the fruit of an illegal cavity search. The state trial court held a hearing and denied the motion. Davignon Aff. Ex. E at 5 (Dkt. No. 25-

6).[2]  The trial court stated that the evidence was procured during "a lawfully conducted strip search."  Id.  A jury found Gonzalez guilty of criminal possession of a controlled substance.  He was sentenced to two and one-half years in state prison followed by two years of post-release supervision.

Plaintiff appealed his conviction.  On December 24, 2008, the New York State Appellate Division Third Department reversed plaintiff's conviction, finding that the heightened standard for reasonable suspicion to justify a visual cavity search had not been met.  People v. Gonzalez, 57 A.D.3d 1220, 1222 (N.Y. Sup. Ct. App. Div. 3d Dep't 2008).  Apparently Gonzalez was then released from prison.

## III.  STANDARD

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986).  The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986).  Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

When the moving party has met the burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Id. at 586, 106

---

[2] The ECF document page number is referenced, as the original document page numbers are illegible.

S. Ct. at 1356. At that point, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; Liberty Lobby, Inc., 477 U.S. at 250, 106 S. Ct. at 2511; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356. To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. Liberty Lobby, Inc., 477 U.S. at 248-49, 106 S. Ct. at 2510; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.

## IV. DISCUSSION

### A. Maloney, Daley, and Peters' Motion for Summary Judgment

The individual defendants contend that they are entitled to qualified immunity as to the claims against them. Plaintiff argues in opposition that qualified immunity does not apply because he was unlawfully arrested without probable cause, the visual cavity search of him was unlawful, and, therefore, his imprisonment from May 16, 2006, through December 24, 2008, was unlawful.

Qualified Immunity insulates governmental officials performing discretionary functions from liability so long as their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Eng v. Coughlin, 858 F.2d 889, 895 (2d Cir. 1988). Ordinarily it must first be determined whether the constitutional right actually exists, and whether it was clearly established when the alleged violation occurred, before determining entitlement to qualified immunity. Horne v. Coughlin, 191 F.3d 244, 248-49 (2d Cir. 1999). However, the issue of qualified immunity may be addressed first where "[t]here is no reason to believe that the questioned regulation will repeatedly, or over a substantial time, escape judicial review in federal court by reason of qualified immunity." Id. at 250. Horne v. Coughlin, 191 F.3d 244, 248-49 (2d Cir. 1999). A defendant is entitled to

qualified immunity where it was objectively reasonable to believe that the actions did not violate a plaintiff's constitutional rights.  Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000).

### 1. Probable Cause to Arrest

According to plaintiff, he was arrested without probable cause and therefore it follows that the visual cavity search and his imprisonment were unlawful.

It is clearly established that there is a right to be free from arrest unless probable cause exists.  Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991).  However, if it was "objectively reasonable for the officer to believe that probable cause existed, or . . . officers of reasonable competence could disagree on whether the probable cause test was met," qualified immunity is appropriate.  Id.  That is, a defendant is entitled to qualified immunity if there was "arguable probable cause" to make the arrest.  Escalera v. Lunn, 361 F.3d 737, 743, (2d Cir. Mar. 18, 2004) (citing Golino, 950 F.2d at 870.)

Plaintiff was arrested on charges of attempted criminal sale of a controlled substance. Gonzalez argues that the officers lacked specific probable cause in that he did not mention a specific drug to the confidential informant, he did not indicate that he had the present ability to deliver an unspecified drug, and that he had not come sufficiently close to selling a drug in order to constitute an attempt.  However, the probable cause determination must be made with a view of "the practical and factual considerations of everyday life acted upon by reasonable and prudent persons under the totality of the circumstances presented" and not just "with technicalities."  People v. Pacer, 203 A.D.2d 652, 654 (N.Y. Sup. Ct. App.  Div. 3d Dep't).  Additionally, only "arguable probable cause" is needed to entitle a defendant to qualified immunity.

It was objectively reasonable for Officer Peters to believe that probable cause existed based upon the information from Detective Cowell that plaintiff had attempted to sell controlled substances to the confidential informant and the directive that Peters arrest plaintiff.  See id. at 653 (acting on basis of communication from fellow officer who has personal knowledge raises presumption that probable cause exists).  Moreover, Detective Cowell had the following information in order to determine that probable cause existed for the arrest:  the area in which the incident occurred was an area of known drug activity, the confidential informant was a known drug user, plaintiff approached the confidential informant and offered to get her whatever she needed, and when she indicated she was all set, he walked away.  Moreover, Detectives Maloney and Daley observed Gonzalez approach the confidential informant, and maintained observation of him after receiving Cowell's transmission until other officers arrested him.  It was objectively reasonable for the defendants to believe that probable cause to arrest existed.  Moreover, arguable probable cause existed to arrest plaintiff for attempted sale of a controlled substance.  Finally, if plaintiff's malicious prosecution claim relates to prosecution for possession of a controlled substance, defendants clearly had probable cause to bring those charges, as Gonzalez was in possession of crack cocaine.  Accordingly, plaintiff's claims for false arrest, false imprisonment, and malicious prosecution will be dismissed.  See Broughton v. State, 37 N.Y.2d 451, 456-58 (1975).

   **2. Unreasonable Search**

Gonzalez claims that conducting a visual cavity search upon his arrival at police headquarters was unlawful in that there was not a heightened level of suspicion that he was secreting contraband in his body.

At issue is whether it was clearly established at the time of the search, May 2006, that in order to meet constitutional requirements, a heightened standard of reasonable suspicion, above that required for a simple strip search, was necessary to justify a visual cavity search. Plaintiff relies upon the Appellate Division decision reversing his conviction based upon the trial court's improper denial of his motion to suppress. In reversing Gonzalez's conviction, the court in People v. Gonzalez, 57 A.D. 3d 1220 (N.Y. App. Div. 3d Dep't 2008), cited the New York Court of Appeals for the proposition that there must be "a specific, articulable factual basis supporting a reasonable suspicion to believe the arrestee secreted evidence inside a body cavity" to justify a visual cavity search. Id. at 1221. However, that standard was not set forth until March 25, 2008, in People v. Hall, 10 N.Y.3d 303, 310-11 (2008). The Hall Court recognized that the United States Supreme Court had not yet determined whether different standards of reasonable suspicion must be applied to strip-type searches depending upon the nature of their intrusiveness. Id. After discussing that the question was unsettled across the United States Circuit Courts of Appeals, the Hall Court determined that the nature of a visual cavity inspection, compared with a strip search, required a heightened level of reasonable suspicion as subsequently relied upon by the appellate court that overturned plaintiff's conviction.[3] See id. at 306-11.

The visual cavity search of Gonzalez occurred on May 16, 2006. Because the heightened standard for a visual cavity search was not established until March 25, 2008, well

---

[3] The Court of Appeals in Hall found a three-level standard: (1) strip search must be based on reasonable suspicion of evidence concealed by clothing; (2) visual cavity inspection requires a specific, articulable factual basis supporting a reasonable suspicion that evidence was secreted in a body cavity; and (3) manual body cavity search may not be done unless the police know of particular, individualized facts to justify it. Hall, 10 N.Y.3d at 310-11.

after defendants conducted the visual cavity search of plaintiff, they are entitled to qualified immunity.  See Scott v. Fischer, 616 F.3d 100, 108 (2d Cir. 2010).

In addition, even if it was clearly established that a heightened standard applied to a visual cavity search, it would be objectively reasonable for defendants to believe that they had a sufficient specific factual basis to support their reasonable suspicion that Gonzalez was secreting contraband.  Plaintiff's alleged attempted sale of drugs occurred in an area known for drug activity and he attempted to sell the drugs to a known drug user, the CI.  Plaintiff's offer to the CI to "get her whatever she needed" indicated an offer to sell her drugs.  When the officers apprehended Gonzalez and patted down his clothing, they did not recover any drugs, further indicating that he had secreted the drugs on or in his body.  These specific facts support a reasonable suspicion to believe plaintiff secreted evidence on or in his body, and it was objectively reasonable for defendants to believe that a visual cavity search in these circumstances did not violate plaintiff's rights.  Thus, they would be entitled to qualified immunity.

### B. City's Motion to Dismiss

The complaint admittedly relies upon vicarious liability rather than a Monell-type claim against the City.  Municipalities cannot be held liable based solely on respondeat superior. Monell v. New York City Dep't of Social Serv., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978).   Therefore, plaintiff's complaint fails to state a claim against the City.

Gonzalez seeks additional discovery, contending that his prior attorneys did not properly plead or conduct discovery as to a policy or custom under Monell.   Such additional discovery related to the strip search is unnecessary as it is undisputed that the search was conducted pursuant to the City's written policy, which had been in effect since 1999.  Plaintiff

knew at the initiation of this case that the defendants followed the City's policy pertaining to the search. In fact, he pleaded official capacity claims against the defendants, which indicate that their actions must have taken place pursuant to a policy or custom. See Kentucky v. Graham, 473 U.S. 159, 166,105 S. Ct. 3099, 3105 (1985) (reiterating that official capacity claims require that the "entity's 'policy or custom' must have played a part in the violation of federal law" (quoting Monell, 436 U.S. at 694, 98 S. Ct. at 2037)).

Further, there is no evidence whatsoever that any custom or policy influenced the defendants' purportedly unlawful arrest and prosecution of the plaintiff. Additionally, amending the complaint would be futile in that a new claim, asserted five and one-half years after incident, would be untimely. Although plaintiff has changed attorneys multiple times, he also was granted multiple deadline extensions. Allowing the amendment would also be unfairly prejudicial to defendants, particularly now that Gonzalez has withdrawn the official capacity claims against the individual defendants. Plaintiff's motion for additional limited discovery and to add a Monell claim against the City will be denied, and the City's motion to dismiss for failure to state a claim will be granted.

## V. **CONCLUSION**

Plaintiff has withdrawn his intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, and official capacity claims against the individual defendants, and these claims are dismissed. Defendants are entitled to qualified immunity as to the claims against them individually. The individual defendants are entitled to summary judgment. Plaintiff's motion for additional discovery and to amend the complaint is denied. Gonzalez fails to state a claim against the City.

Accordingly, it is

ORDERED that

1. The individual defendants' motion for summary judgment is GRANTED;

2. Plaintiff's motion for additional discovery and to amend the complaint is DENIED;

3. The City's motion to dismiss is GRANTED; and

4. The Complaint is DISMISSED in its entirety.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 30, 2011
       Utica, New York.